# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH STEVESON[1],

:

    Petitioner,　　　　　　　　　　　Case No. 3:10-cv-009

:　　　　　　　　District Judge Walter Herbert Rice
-vs-　　　　　　　　　　　　　　　　　Magistrate Judge Michael R. Merz

DEBORAH TIMMERMAN-COOPER,
 Warden,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pursuant to 28 U.S.C § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases (the "Habeas Rules"). Petitioner pleads two grounds for relief:

> **Ground One:** Joseph Steveson was deprived of his constitutional rights under the Double Jeopardy Cause [sic] of the Fifth Amendment as appiled [sic] to the State of Ohio under the Fourteenth Amendment to the United States Constitution when the state Common Pleas Court convicted and sentence [sic] Stevenson on both receiving stolen property and complicity to robbery committed with the same animus that are allied offenses of similar import in violation of Ohio Rev. Code § 2941.25(A) and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.
>
> **Supporting Facts**: Joseph Stevenson was wrongfully convicted of, and sentenced for, receiving stolen property and complicity to commit robbery with the same animus that are allied offenses of

---

[1]Petitioner signs his name "Steveson," but uses "Stevenson" at various places in the Petitioner. The Magistrate Judge uses "Steveson" to be consistent with the caption.

similar import in violation of rights under the Ohio Rev. Code § 2941.25(a) and Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. On May 21, 2007, a jury trial found Stevenson guilty of receiving stolen property, a felony of the fourth degree with a firearm specification. The crux of the matter involved Stevenson simply entering an apartment and taking a firearm. Stevenson received the firearm during a [sic] incident were [sic] his co-complicator [sic] held the apartment occupants at bay. Both offenses specifically refer to theft and in this case the animus for both charges was the same.

**Ground Two:** The state appellate court's decision on Joseph Stevenson direct appeal affirming his convictions and sentences on both Count One receiving stolen property and Count Two complicity to commit robbery in violation of Ohio Rev. Code § 2911.02(A)(2) and Ohio Rev. Code § 2923.03(A)(2) resulted in a decision that is contrary to the clearly established federal law set forth in *Blockburger v. United States*, 284 U.S. 229, 52 S. Ct. 180; *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S. Ct. 2071, as determined by the Supreme Court of the United States.

**Supporting Facts:** Joseph Stevenson was conviction [sic] and sentences [sic] one count one receiving stolen property and count two complicity to commit robbery, arising from the same transaction, Mr. Stevenson's constitutional and statutory rights were violated when the state court improperly convicted and sentence [sic] him on allied offenses of similar import. Mr. Stevenson acted with a single animus, he could not have successfully completed a robbery without simultaneously committing the offense of receiving stolen property. Mr. Stevenson is serving a prison sentence for two offenses, and because one of those offenses is, per force, committed when the other is committed, he was improperly convicted and sentenced in violation of the double jeopardy clause against multiple punishment for allied offenses of similar import.

(Petition, Doc. No. 1, at 5-6.)

**Analysis**

While the Petition purports to state two claims for relief, Mr. Steveson actually only makes one claim: that his convictions and sentences for both receiving stolen property and robbery violated the Double Jeopardy Clause.

This claim was argued in the state courts and is in part argued here as a violation of Ohio Rev. Code § 2941.25(A), the Ohio allied offenses statute. However, this Court cannot consider a claim of violation of an Ohio statute. Federal habeas corpus courts can only consider whether a conviction violates the United States Constitution. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991).

Violation of the Double Jeopardy Clause and violation of Ohio Rev. Code § 2941.25 are often confused because they speak to the same concerns. While the statute protects the same interests as the Double Jeopardy Clause, it is much broader than the Double Jeopardy Clause. Two offenses are different, for double jeopardy purposes, whenever each contains an element that the other does not. *See, e.g.*, *Blockburger v. United States,* 284 U.S. 299 (1932). Comparison of the elements is only the first step in the §2941.25 analysis. If the elements of the two crimes correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the Ohio court must proceed to the second stage of

deciding whether they were committed separately or with a separate animus. *City of Newark v. Vazirani*, 48 Ohio St. 3d 81, 549 N.E. 2d 520 (1990).

In deciding this case on Petitioner's second direct appeal, the Montgomery County Court of Appeals applied the test adopted by the Ohio Supreme Court in *State v. Cabrales*, 118 Ohio St. 3d 54, 886 N.E. 2d 181 (2008), where that court held:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import. (*State v. Rance* (1999), 85 Ohio St.3d 632, 1999 Ohio 291, 710 N.E.2d 699, clarified.)"

*State v. Stevenson,* 181 Ohio App. 3d 292, 296 (Ohio App. 2nd Dist. 2009), quoting ¶ 1 of the syllabus in *Cabrales.* The Court of Appeals went on to hold that, under Ohio Rev. Code § 2911.02(A)(2), a person can be convicted of robbery when he has only attempted to commit a theft offense, whereas a person can only be convicted of receiving stolen property under Ohio Rev. Code § 2913.51(A) if he has actually successfully committed the theft offense by receiving (possessing) the stolen property. While the facts in this case show that Petitioner actually received the stolen firearm, the Court of Appeals held the elements of the offenses were to be compared in the abstract.

> [P25] Applying the test of *Rance*, as clarified in *Cabrales*, and comparing the elements of these two offenses in the abstract, without considering the evidence in this case, we find that commission of one of these two offenses does not necessarily result in commission of the other.

*State v. Stevenson,* 181 Ohio App. 3d at 297.

Of course in this case we are to consider whether the two convictions violate the Double Jeopardy Clause, not whether they violate Ohio Rev. Code § 2941.25. The Double Jeopardy Clause of the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). The test for whether two offenses constitute the same offense is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932). As shown by the analysis of the Court of Appeals, that test is met here: robbery can be committed in Ohio by using force in attempting to commit a theft offense as well as in successfully completing the theft offense.

Because the two Ohio criminal statutes contain these separate elements, it was not a violation of the Double Jeopardy Clause to convict and punish Petitioner for violating both. It is therefore respectfully recommended that the Petition be dismissed with prejudice.

January 13, 2010.

                  s/ **Michael R. Merz**
                   United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).