**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JOSEPH STEVESON[1],

          Petitioner,

        -vs-

DEBORAH TIMMERMAN-COOPER,
 Warden,

          Respondent.

:

:

:

Case No. 3:10-cv-009

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 5) to the Magistrate Judge's Report and Recommendations (Doc. No. 3), recommending, on initial review under Rule 4 of the Rules Governing § 2254 Cases, that the Petition be dismissed with prejudice. The General Order of Assignment and Reference for the Magistrate Judges at Dayton allows them to reconsider reports or decisions when objections are made, without a separate order of recommittal under Fed. R. Civ. P. 72.

Petitioner pled two Grounds for Relief which the Report analyzed as raising one federal constitutional claim: whether Petitioner's separate convictions and punishments for attempted robbery and receiving stolen property arising out of one incident violates the Double Jeopardy Clause of the Fifth Amendment, made applicable to the States by the Fourteenth Amendment. The

---

[1] Petitioner signs his name "Steveson," but uses "Stevenson" at various places in the Petitioner. The Magistrate Judge uses "Steveson" to be consistent with the caption.

Magistrate Judge concluded the convictions did not infringe on Petitioner's Double Jeopardy rights and he objects.

A Greene County jury convicted Petitioner of receiving stolen property (a firearm) and complicity to robbery, both with firearm specifications. *State v. Stevenson,* 2008 Ohio 2900, ¶ 1, 2008 Ohio App. LEXIS 2414 (Ohio App. 2d Dist. June 13, 2008). He was sentenced to seventeen months imprisonment for the receiving charge and seven years concurrent for the robbery charge. *Id.* The facts of the offenses are recited in Judge Wolff's opinion on direct appeal. *Id.* at ¶¶ 4-14. On direct appeal Mr. Stevenson raised no assignment of error regarding the multiple convictions, but later reopened the appeal on a claim of ineffective assistance of appellate counsel. On the reopened appeal, Petitioner raised one assignment of error: "The trial court erred when it sentenced Joseph Stevenson for both receiving stolen property and complicity to commit robbery because the offenses are allied offenses of similar import." *State v. Stevenson*, 181 Ohio App. 3d 292, ¶ 2, 2009 Ohio 901, 908 N.E. 2d 1005 (Ohio App. 2d Dist. 2009). In deciding the case, the Ohio Court of Appeals held

> [**P8] R.C. 2941.25 provides:
>
> [**P9] (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> [**P10] (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

[**P11] R.C. 2941.25 codifies the double jeopardy protections in the federal and Ohio constitutions, which prohibit courts from imposing cumulative or multiple punishments for the same criminal conduct unless the legislature has expressed an intent to impose them. *State v. Rance* (1999), 85 Ohio St.3d 632, 1999 Ohio 291, 710 N.E.2d 699. R.C. 2941.25 expresses the legislature's intent to prohibit multiple convictions for offenses which are allied offenses of similar import per paragraph (A) of that section, unless the conditions of paragraph (B) are also satisfied. Id. "Under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract." Id., at paragraph one of the syllabus.

[**P12] In *State v. Cabrales*, 118 Ohio St.3d 54, 2008 Ohio 1625, 886 N.E.2d 181 at paragraph one of the syllabus, the Supreme Court held:

[**P13] "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import. (*State v. Rance* (1999), 85 Ohio St.3d 632, 1999 Ohio 291, 710 N.E.2d 699, clarified.)"

[**P14]  Defendant was found guilty of complicity to commit robbery in violation of R.C. 2911.02(A)(2), 2923.03(A)(2), and receiving stolen property in violation of R. C. 2913.51(A). The complicity statute provides:

[**P15] "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

[**P16]  "(2) Aid or abet another in committing the offense."

[**P17]  The robbery statute provides:

[**P18] "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

[**P19] "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."

[**P20] The receiving stolen property statute provides:

[**P21]"(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

[**P22] Defendant relies on *City of Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 344 N.E.2d 133, which held that theft and receiving stolen property are allied offenses of similar import. See also: *State v. Yarbrough*, 104 Ohio St.3d 1, 2004 Ohio 6087, 817 N.E.2d 845. Those cases hold that, because one who commits a theft necessarily receives the property he steals, theft and receiving stolen property are allied offenses of similar import when both involve the same property.

[**P23] Unlike theft as defined by R.C. 2913.02 (A), which involves a completed course of conduct, robbery as defined by R.C. 2911.02(A)(2) also prohibits attempted theft as a predicate offense. An attempt to commit a crime is "conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). Because commission of an attempted theft is conduct that does not result in a theft, robbery and receiving stolen property are not allied offenses of similar import under the holdings in *Geiger* and *Yarbrough*.

[**P24] Defendant also cites *State v. Wilkerson* (March 13, 1980), Cuyahoga App. No. 40741, 1980 Ohio App. LEXIS 14331, and *State v. Dalton* (Dec. 19, 1986), Lucas App. No. L-86-118, 1986 Ohio App. LEXIS 9370, for the proposition that robbery, which is an "aggravated" theft offense, and receiving stolen property are allied offenses of similar import. However, those decisions predate both *Rance* and *Cabrales*, which set forth the test that must be used in determining if offenses are allied offenses of similar import.

[**P25] Applying the test of *Rance*, as clarified in *Cabrales*, and comparing the elements of these two offenses in the abstract, without considering the evidence in this case, we find that commission of one of these two offenses does not necessarily result in commission of the other.

[**P26] A person can commit a robbery as defined by R.C.

> 2911.02(A) by inflicting, attempting to inflict, or threatening to inflict physical harm in the course of attempting to commit a theft offense without necessarily receiving, retaining or disposing of property he has reasonable cause to believe was obtained through commission of a theft offense in violation of R.C. 2913.51(A). And, a person can receive, retain or dispose of property he has reasonable cause to believe has been obtained through commission of a theft offense in violation of R.C. 2913.51(A) without necessarily aiding another person in inflicting, attempting to inflict or threatening to inflict physical harm during the course of the theft offense that resulted in the acquisition of the stolen property in violation of R.C. 2911.02(A). Therefore, the offenses of complicity to commit robbery and receiving stolen property of which Defendant was found guilty are not allied offenses of similar import. Rather, they are offenses of dissimilar import, and Defendant could be convicted and sentenced for both offenses. Defendant was therefore not prejudiced by his appellate counsel's failure to argue a violation of R.C. 2941.25.

*Id.* at ¶¶ 8-26.

Petitioner argues in his Objections that in arguing this assignment of error in the Court of Appeals, he "fairly presented" his federal Double Jeopardy claim to the Ohio courts. Although the words "double jeopardy" are not used in the assignment of error, the Magistrate Judge agrees that the issues involved are sufficiently closely related that the Double Jeopardy claim was "fairly presented" to the state courts. *Palmer v. Haviland*, 2006 U.S. Dist. LEXIS 95890 (S.D. Ohio 2006)(Weber, J., adopting Report and Recommendations of Hogan, M.J.)

Once a federal constitutional claim has been presented to and decided by the state courts, subsequent consideration of that claim in federal habeas corpus is deferential to the state court decision.

> AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996] provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

> Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133, 134 (2005). The question before this Court, then, is whether the decision of the Ohio Court of Appeals on reopening is contrary to or an unreasonable application of clearly established United States Supreme Court precedent.

Petitioner claims attempted robbery and receiving stolen property constitute the same offense, for which he can be punished only once. He relies in the Petition and in the Objections is *Blockburger v. United States,* 284 U.S. 299 (1932), and *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The test for whether two offenses constitute the same offense is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932).

In the reopened appeal, the Second District Court of Appeals essentially performed the *Blockburger* analysis, noting that under Ohio law, once can commit a robbery by using or threatening physical violence to another person for the purpose of committing a theft without actually succeeding in completing the theft offense. Conversely, one can receive stolen property, a theft offense, without having used force to commit it. Use of force is necessary for robbery, but not for receiving stolen property; actual possession of stolen property is necessary for the receiving offense, but not for robbery.

-6-

Petitioner relies on *State v. Rance,* 85 Ohio St. 3d 632 (1999), where the Ohio Supreme Court held that involuntary manslaughter and aggravated robbery are not allied offenses of similar import under Ohio Rev. Code § 2941.25.  Petitioner does not explain, however, how *Rance* is helpful to his position.  *Rance* holds that even where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so.  85 Ohio St. 3d at 702-703, citing *Albernaz v. United States*, 450 U.S. 333, 344 (1981);  *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v. United States*, 471 U.S. 773, 779 (1985).  In this case, the federal court does not need to reach the question of Ohio legislative intent because the two offenses of which Mr. Stevenson was convicted plainly satisfy the *Blockburger* test:  each requires proof of an element not required for the other.  If it were necessary to reach the question of Ohio legislative intent – a question of Ohio law – that question is answered definitively by the Court of Appeals' opinion in this case that the multiple convictions also do not violate Ohio Rev. Code § 2941.25.

At the end of his Objections, Petitioner emphasizes that he only acted with one animus in committing both of these offenses.  Whether or not that is true has no impact on the Double Jeopardy analysis.  A man might, for example, break into an ex-girlfriend's house, take her from there to a concealed place, rape her, and then murder her, returning to burn the house to destroy evidence.  He arguably would have acted with one animus, but could be convicted and separately punished for aggravated burglary, kidnapping, rape, murder, and arson because they are all separate offenses for purposes of the Double Jeopardy Clause – each requires proof of an element not required for each of the others.

It plainly appears from the face of the Petition that Mr. Stevenson is not entitled to habeas

corpus relief from his conviction: the Second District Court of Appeals decision on his Double Jeopardy claim is neither contrary to nor an unreasonable application of clearly established federal law as determined from holdings of the United States Supreme Court.  The Petition should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, he should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

February 23, 2010.

                    s/ **Michael R. Merz**
                    United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

   Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).